**[This opinion has been published in *Ohio Official Reports* at 72 Ohio St.3d 234.]**

DAYTON BAR ASSOCIATION *v.* O'NEAL.

[Cite as *Dayton Bar Assn. v. O'Neal*, 1995-Ohio-62.]

*Attorneys at law—Misconduct—Six-month suspension suspended with conditions—Handling of legal matter without adequate preparation—Neglect of an entrusted legal matter.*

(No. 94-2647—Submitted—February 7, 1995—Decided May 24, 1995.)

ON CERTIFIED REPORT by the Board of Commissioners on Grievances and Discipline of the Supreme Court, No. 91-57.

_____

{¶ 1} In an amended complaint filed March 12, 1992, relator, Dayton Bar Association, charged that respondent, Raymond W. O'Neal, Sr. of Dayton, Ohio, Attorney Registration No. 0031153, had failed to adequately prepare for and neglected the cases of two clients in violation of DR 6-101(A)(2) and (3). Relator further charged that respondent had failed to cooperate in its investigation in violation of former Gov.Bar R. V(5)(a) (now Gov.Bar R. V[4][G]).

{¶ 2} A panel of the Board of Commissioners on Grievances and Discipline of the Supreme Court ("board") heard the matter on September 9, 1994. The panel found that respondent had violated DR 6-101(A)(2) and (3) in the course of representing Divonnie Gordon, but found no clear and convincing evidence of other misconduct.

{¶ 3} Gordon sustained substantial injuries in an automobile collision in September 1986. She retained respondent to represent her in claims arising from the accident after having initially retained her brother, also an attorney. In September 1987, the brother transferred his case file to respondent, and he included a letter cautioning that the statute of limitations ended on September 5, 1988.

Respondent did not file an action on Gordon's behalf or settle her claims before the statute of limitations expired.

{¶ 4} In August 1989, Gordon sued respondent for malpractice. In August 1990, the court granted the parties' request for a consent judgment, awarding $30,000 to Gordon. Respondent did not carry professional liability insurance and could not satisfy the judgment. On February 15, 1991, he was cited for contempt for failing to appear at a judgment-debtor's examination to enforce the consent judgment. In March 1991, respondent filed for bankruptcy, apparently before satisfying any part of the debt owed Gordon.

{¶ 5} Respondent provided different explanations for his neglect of Gordon's case. Prior to relator's investigation, respondent proposed that he had not been retained to represent Gordon at all because she had no proof of their agreement. During the investigation, he attributed the neglect either to the relocation of his office or preparations for his son's wedding.

{¶ 6} In recommending a sanction for respondent's neglect in the Gordon matter, the panel considered respondent's remorse and the testimony of two impeccable character witnesses who expressed their great regard for respondent's competence and integrity. The panel recommended that respondent receive a six-month suspension from the practice of law, but that this sanction be suspended on the condition that he commit no further misconduct during a two-year probation period. The board adopted the panel's findings of misconduct and its recommendation.

_____

*Faruki, Gilliam & Ireland* and *Paul G. Hallinan*, for relator.

*Herbert Creech*, for respondent.

_____

*Per Curiam.*

{¶ 7} Having reviewed the record, we concur in the board's findings that respondent violated DR 6-101(A)(2) and (3), and in its recommendation. Respondent is hereby suspended from the practice of law in Ohio for a period of six-months, but this sanction is suspended on the condition that he complete a two-year probation period and that, during this period, no complaints against him have been certified to the board by a probable cause panel!?!. Costs taxed to respondent.

*Judgment accordingly.*

DOUGLAS, WRIGHT, RESNICK, F.E. SWEENEY and PFEIFER, JJ., concur.

MOYER, C.J., and COOK, J., dissent.

————————————

**COOK, J., dissenting.**

{¶ 8} Given the aggravating factors that O'Neal failed to carry professional liability insurance, filed a bankruptcy petition and plan under which little if any of Gordon's judgment will be paid, and reacted in a dishonorable fashion when first confronted by relator regarding the complaints, I would impose suspension without a stay.

MOYER, C.J., concurs in the foregoing dissenting opinion.

————————————